**FORD v. UNITED FRUIT CO. et al.**

No. 24621–G.

District Court, N. D. California, S. D.

Oct. 28, 1947.

Fitz-Gerald Ames, Sr. and Hugh B. Miller, both of San Francisco, Cal., for libelant.

Frank J. Hennessy, U. S. Atty., of San Francisco. Cal., for respondent United States.

John H. Black, Edward R. Kay and Hoge, Pelton & Gunther, all of San Francisco, Cal., for other respondents.

GOODMAN, District Judge.

While sitting on the ship's rail of respondents' "The Sea Perch" at Espiritos Santos, New Hebrides, watching the embarcation of troops, libelant received a "bump" from one of two seamen engaged in innocent "horseplay" in the passageway behind the railing, lost his balance and fell to the dock, sustaining severe and crippling injuries. His action under the Jones Act, 46 U.S.C.A., § 688, was to recover damages upon the theory of negligence on the part of respondent shipowner.

The evidence fails to support the claim of negligence. Nor does any cited authority extend the doctrine of liability in admiralty to the extreme extent contended for by libelant.

Counsel for libelant eloquently contended, both in oral argument and in the briefs submitted, that the shipowner should have provided some form of supervised play or exercise for the seamen and that its failure to do so had a proximate relation to the unfortunate accident to libelant. But even the most liberal solicitude for the rights and welfare of seamen as wards of the Admiralty cannot provide legal basis for such a contention. Furthermore, the evidence disclosed that the libelant put himself in a most dangerous position on the rail, be-

hind which many soldiers and others were passing in the passageway. Any jostling by any of them, whether engaged in horse-play or not, could have caused the accident to libelant.

There was neither duty nor negligence on the part of respondent.

This case is one of the innumerable of its kind, which shows the need of a compensation statute for seamen and railroad employees. But relief is the function of the lawmakers, not the courts.

Decree for respondent.